IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHNNY BATES, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-CV-3280-RWS |
| MICHELIN NORTH AMERICA, : | |
| INC., : | |
| : | |
| Defendant. : | |

## **ORDER**

On December 20, 2010, this case came before the Court for a hearing on Defendant's Motion for Reconsideration [51] and other discovery issues submitted to the Court in correspondence from counsel.  After considering these submissions and arguments of counsel, the Court enters the following Order.

First, as for Defendant's Motion for Reconsideration [51], the Motion for Hearing [52] is **GRANTED**, *nunc pro tunc*.  In July 2010, this Court issued an Order allowing Plaintiffs to observe Defendant's inspection and/or examination of the subject tires and rims.  See Dkt. No. [48] at 2.  The Court reasoned that the Defendant could complete its confidential conversations outside the presence of Plaintiffs' representatives.   However, Defendant has moved the

AO 72A
(Rev.8/82)

Court to reconsider that ruling citing the work product doctrine. Namely, Defendant is concerned that it is "impossible" to complete its confidential communications outside the presence of the subject evidence and by allowing Plaintiffs to see what portions of the evidence it is focusing on, Defendant would be revealing its "mental impressions, conclusions, opinions, or legal theories" as protected under Federal Rule of Civil Procedure 26(b)(3)(B). See, e.g. Hajek v. Kumho Tire Co., Inc., 2009 WL 2229902, at *4-5 (D. Neb. 2009) (reviewing other courts' decisions and finding that in the absence of destructive tire testing, the balance of hardships tip toward allowing a party to "work in peace" to preserve its work product). To mitigate Plaintiffs' spoliation concern, the Defendant has agreed to enter into a consent order assuring that it will not conduct any destructive testing and will videotape the tire mounting, demounting, and inspecting using a static-mount video camera without sound. Should the Court find a credible claim of spoliation, Michelin would produce the tape.

Plaintiffs have provided many state decisions which support their position, but no federal ones. Specifically, they have cited no cases which expressly address the Defendant's work product concern as codified under the Federal Rules and the Court has found none which support their position. After

2

considering both positions, this Court finds that it will not require the Defendant to allow Plaintiffs' representative to be present at its inspection. The Court is concerned that the Defendant should be able to complete its own investigation without exposing its work product to Plaintiffs.

Plaintiffs' concerns about spoliation can be adequately addressed. Plaintiffs have had the evidence in their exclusive possession for almost two years. Plaintiffs have inspected the tires and should have an appropriate baseline from which they will be able to measure any subsequent spoliation by way of comparison with their own testing, photographs, and expert opinions. Moreover, any spoliation which occurs can be argued to the jury as just that–evidence tampering. Further, this Court can adequately address any improprieties through its contempt powers.

Therefore, Defendant's Motion for Reconsideration [51] is **GRANTED**. Defendant will be permitted to inspect the tire outside the presence of Plaintiffs' representatives. The provisions of the July 30, 2010 Order [48] regarding responsibilities for transporting the tire for inspection shall remain in place. Additionally, Defendant shall videotape all inspections and testing using a static-mount video camera without sound. Defendant shall preserve the videotapes until the conclusion of the litigation or until ordered by the Court to

produce the tapes for consideration of any claim of spoliation. The condition of the tires and rims shall not be altered and no destructive testing shall be performed.

Additionally, the parties raised with the Court disputes over several requests for production of documents from Plaintiffs to Defendant. Prior to the hearing, Defendant produced documents in satisfaction of some of the requests. As for the requests that remain in issue, the Court rules as follows:

**RPD 16**

Defendant shall produce documents responsive to (b) and (c) that were in effect during the agreed upon time frame and which relate to processes at issue: trapped air, placement of steel belts, molding issues, and adhesion issues. Should other components or processes be identified in the future by Plaintiffs, Defendant shall be required to produce documents related to those components and processes as well.

The Court finds that the information sought in (b) has been provided by Defendant in the development files already produced. Therefore, no further production is required.

4

The manual requested (e) no longer exists, so Defendant is not required to produce the manual.

Defendant is not required to produce witness statements requested in (g) because all the cases pre-date the relevant time period.

**RPDs 25 and 35**

The documents requested are covered by the Court's rulings as to RPD 16.

**RPD 37**

Defendant shall provide to Plaintiff the codes that are used for identifying the causes for adjustment.  As for any adjustment identified in association with the components and processes at issue in this case, Defendant shall provide all data available to it concerning that adjustment, including the date the tire was returned, the age of the tire, the mileage, etc.

**RPDs 44 and 45**

Defendant shall produce the requested information on tires within the agreed scope of discovery.

**RPDs 47 and 48**

Defendant shall produce information regarding the use of nylon cap plies on other tires produced in the relevant time period, including the costs associated therewith.

**RED 50**

Defendant shall produce the requested documents for the components and processes at issue.

**RPDs 39 and 40**

The information requested has been provided in the design files produced by Defendant. If Defendant is aware of any generalized cost cutting that occurred at the plant that would not appear in the design files, such information shall be provided to Plaintiffs.

**SO ORDERED**, this  3rd  day of January, 2011.

_/s/ Richard W. Story_
**RICHARD W. STORY**
United States District Judge