IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNY BATES and | * | |
| PATRICIA MIDDLETON BATES, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION FILE |
| v. | * | |
| | * | NO. 1-09-CV-03280-AT |
| MICHELIN NORTH AMERICA, INC., | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFFS' RESPONSE TO MICHELIN'S
MOTION FOR ORDER TO PRODUCE RECORDS**

Plaintiffs oppose Michelin's Motion for an Order entitling it to receive the entirety of Mr. Bates's Medicare file for three reasons. First, the collateral source rule renders inadmissible any evidence that the Centers for Medicare & Medicaid Services ("CMS") could conceivably produce. Second, any list of medical providers incidentally contained in Mr. Bates's Medicare file would be cumulative and duplicative. Third, Mr. Bates has a privacy interest in his Medicare file that should be honored where, as here, the need for the requested documents is weak. For these reasons the Court should deny Michelin's motion.

I.  **Timeline of Facts**

- May 18, 2010: Michelin indicated in an email to Plaintiffs that it would seek Medicare records. Michelin also attached a *CMS reporting form* (not a *Medicare release form*) to the email and asked Plaintiffs to sign it. *See* email and form attached as Exhibit A.

- June 22, 2010: Plaintiffs sent Michelin the CMS reporting form. Plaintiffs returned the document because its terms indicated that it would *only* be used for reporting. The form did not purport to waive any rights. *See* letter and CMS reporting form attached as Exhibit B.

- April 14, 2011: Michelin asked Plaintiffs to produce Mr. Bates's Medicare records and to waive Mr. Bates's HIPPA rights so Michelin could conduct ex-parte interviews of Mr. Bates's treating physicians. *See* email attached as Exhibit C.

- April 14, 2011: Plaintiffs responded by pointing out that Michelin already had the billing statements of Mr. Bates's medical providers, which included information regarding Medicare payments. Plaintiffs directed Michelin to ten separate ranges of bates-numbered documents containing this billing information. Plaintiffs also declined to waive Mr. Bates's HIPPA rights. *See* email attached as Exhibit D.

- April 14, 2011: Michelin faxed a letter to the Medicare Secondary Payor

Recovery Contractor ("MSPRC") requesting Mr. Bates's Medicare records. The letter referred to an enclosed "Medicare release form." However, the enclosed form was not a "Medicare release form," as Michelin had represented. Instead, Michelin had enclosed the CMS reporting form, which did not authorize the release of Mr. Bates's Medicare file. *See* fax attached as Exhibit E.

- April 15, 2011: Plaintiffs asked Michelin to explain why it had represented to MSPRC that Mr. Bates had consented to the release of his Medicare records to Michelin, when in fact he had not. *See* letter attached as Exhibit F.

- April 15, 2011: Michelin agreed to withdraw its request to MSPRC, explaining that an error had occurred. *See* email exchange attached as Exhibit G.

- April 18, 2011: Michelin withdrew its request to MSPRC. *See* fax attached as Exhibit H.

- April 18, 2011: Michelin sent a subpoena to CMS commanding CMS to produce Mr. Bates's personal Medicare file. The subpoena sought, *inter alia*, "[c]opies of each and every record, report, correspondence or writing of each and every kind of nature pertaining to or in any way connected with medical services provided to Johnny Earl Bates." *See* letter and subpoena

attached as Exhibit I.

- April 25, 2011: CMS refused to produce Mr. Bates's personal records without proper authorization unless Michelin was able to obtain a court order compelling CMS to produce the records. *See* letter attached as Exhibit J.

- May 13, 2011: Michelin sent Plaintiffs a four-page form that would have "authorized[] the use and/or disclosure of [Mr. Bates's] 'protected health information' covered under privacy regulations . . ." and asked Plaintiffs' counsel whether Mr. Bates would sign it. *See* email and form attached as Exhibit K.

- May 17, 2011: Plaintiffs responded that the collateral source rule would bar information regarding Medicaid payments, that lien information would also be inadmissible, and that Michelin had already received medical records "from both our law firm and 3rd-party requests." *See* email attached as Exhibit L.

- May 18, 2011: Michelin made arguments as to why it was entitled to Mr. Bates's Medicare file. *See* email attached as Exhibit M.

## II.  Argument and Citation of Authority

Because Georgia's collateral source rule would bar any evidence that CMS could produce, Michelin's subpoena for Mr. Bates's Medicare file does not seek

admissible evidence. Because any lists of medical providers that might appear in the Medicare file would duplicate evidence already produced, Michelin's subpoena seeks unreasonably cumulative and duplicative information. Because the information Michelin seeks has little value, the Court should honor Mr. Bates's statutorily-recognized privacy interest in his Medicare records. The Court should deny Michelin's motion.

      A.    <u>Georgia's collateral source rule would render the evidence inadmissible.</u>

Georgia's collateral source rule would bar any evidence that CMS might send to Michelin. In diversity cases, federal courts apply the collateral source rule of the forum state. <u>Southern v. Plumb Tools</u>, 696 F.2d 1321, 1323 (11th Cir. 1983) (per curiam) ("[N]othing in the Federal Rules of Evidence authorizes departure from the collateral source rule."). Therefore, Georgia's collateral source rule applies when a Georgia district court sits in diversity. <u>Mallette v. Nash</u>, 4:10-CV-13 CDL, 2011 WL 720201, at *2 (M.D. Ga. Feb. 22, 2011). Georgia's collateral source rule "bars the defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party . . ." <u>Hoeflick v. Bradley</u>, 282 Ga. App. 123, 124 (2006). Therefore, any evidence of Medicare payments that CMS could produce would be, and would remain, inadmissible.

B.  <u>Any evidence of Medicare payments or lists of medical providers would be cumulative and duplicative.</u>

Any evidence of Medicare payments or lists of medical providers contained in Mr. Bates's Medicare file would be cumulative and duplicative. As Plaintiffs pointed out to Michelin in an email of April 14, 2011, Michelin has already received the billing records from Mr. Bates's medical providers. Plaintiffs provided many of these records to Michelin, and Michelin obtained others through the eighteen third party subpoenas it sent to medical providers.[1] Plaintiffs know of no medical providers from which Michelin has not received records. The records that Michelin has already obtained contain Medicare payment information. There is no good reason why Michelin must also receive, as it demanded in its subpoena, "*[c]opies of each and every record, report, correspondence or writing of each and every kind of nature pertaining to or in any way connected with medical services provided to Johnny Earl Bates*." Because Michelin already has the list of medical providers and the billing records of those providers, the information sought in the subpoena would be cumulative and duplicative.

District courts should deny third party discovery requests when the information sought would be cumulative and duplicative. Although third-party subpoenas are generally governed by Rule 45, "[i]t is well settled that the scope of

---

[1] This number does not include third party subpoenas sent to medical transport companies or pharmacies.

6

discovery under a Rule 45 subpoena is the same as that permitted under Rule 26." Barrington v. Mortgage IT, Inc., 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007); Fed. R. Civ. Proc. 45 cmt. to 1970 amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."). Subsection (b) of Rule 26, entitled "Discovery Scope and Limits," establishes that courts "must" disallow discovery requests that are "unreasonably cumulative or duplicative." Fed. R. Civ. Proc. (b)(2)(C)(i). Cumulative and duplicative requests are especially impermissible where, as here, the producing entity is not a party to the litigation. Gumowitz v. First Fed. Sav. & Loan Ass'n of Roanoke, 90 CIV. 8083 (MBM), 1994 WL 683431, at *1 (S.D.N.Y. Dec. 6, 1994) ("[C]ourts generally show greater solicitude for the interests of those not a party to the litigation . . ."). Further, the subpoena is not "reasonably calculated to lead to the discovery of admissible evidence" since the evidence that might be "discovered" is already known. See Fed. R. Civ. Proc. 26(b)(1).[2] Because the evidence sought would be cumulative and duplicative in violation of Rule 26(b)(2)(C)(i), the Court should not issue an order enforcing the subpoena.

---

[2] See also Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (applying the "undue burden" test for quashing subpoenas from Rule 45(c)(3)(A)(iv) and holding that "[o]bviously, if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed upon [the third party] would be by definition 'undue.'" (emphasis in original)).

C.  Mr. Bates has a privacy interest in his Medicare records.

Federal law recognizes that "medical files" like Mr. Bates's Medicare records contain information that should remain private absent some compelling reason for disclosure.  5 U.S.C. §552a(b) (operative subsection of Privacy Act); 5 U.S.C. § 551(b)(6) (Freedom of Information Act does not apply to "*medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy*" (emphasis added)); Fla. Med. Ass'n, Inc. v. Dep't of Health, Ed. & Welfare, 479 F. Supp. 1291, 1305 (M.D. Fla. 1979) (recognizing privacy interest in Medicare reimbursement records).  Given the weakness of Michelin's need for Mr. Bates's entire Medicare file, the Court should honor Mr. Bates's privacy interest.

D.  Michelin's arguments lack merit.

Michelin argues that it is entitled to obtain "[c]opies of each and every record, report, correspondence or writing of each and every kind of nature pertaining to or in any way connected with medical services provided to Johnny Earl Bates" from CMS because those records could list other medical providers.  As explained above, Michelin already has that information.  Therefore, the information would be cumulative and this argument fails.

Michelin argues that it is entitled to Mr. Bates's Medicare file because the file would aid Michelin in valuing Mr. Bates's case.  Essentially, Michelin wants

8

Mr. Bates's medical lien information.  That information will neither be admissible at trial and nor lead to information that is admissible.  Therefore, it is not a proper subject for a discovery request and this argument fails.  See Fed. R. Civ. Proc. 26(b)(1).

For the foregoing reasons, the Court should deny Michelin's motion.

Respectfully submitted, this 31st day of May, 2011.

                                                            s/  Leigh Martin May
GEORGE W. FRYHOFER III
  Georgia Bar No. 279110
LEIGH MARTIN MAY
  Georgia Bar No. 473389
J.E. BUTLER III
  Georgia Bar No. 116955
Attorneys for Plaintiffs
Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
E-mail: george@butlerwooten.com
E-mail: leigh@butlerwooten.com
E-mail: jeb@butlerwooen.com


                                                           s/  Gary M. Shapiro
GARY M. SHAPIRO
  Georgia Bar No. 637794
Attorney for Plaintiffs
Law Offices of Gary M. Shapiro
400 Galleria Parkway, Suite 1500-20
Atlanta, Georgia 30339
(770) 817-1444
E-mail: shapirolaw@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2011, I electronically filed PLAINTIFFS' RESPONSE TO MICHELIN'S MOTION FOR ORDER TO PRODUCE RECORDS with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert P. Monyak, Esq.
Bonnie M. Lassiter, Esq.
Peters & Monyak, LLP
One Atlanta Plaza, Suite 2275
950 East Paces Ferry Road NE
Atlanta, GA 30326

Elizabeth C. Helm, Esq.
Nelson Mullins
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, GA 30363

                                            s/ Leigh Martin May
                                            GEORGE W. FRYHOFER III
                                              Georgia Bar No. 279110
                                            LEIGH MARTIN MAY
                                              Georgia Bar No. 473389

Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
E-mail: george@butlerwooten.com
E-mail: leigh@butlerwooten.com