IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHNNY BATES and
PATRICIA MIDDLETON BATES,

      Plaintiffs,

v.

MICHELIN NORTH AMERICA, INC.

      Defendant.

CIVIL ACTION FILE

NO. 1:09-CV-3280-AT

## MICHELIN NORTH AMERICA, INC.'S MOTION TO EXCLUDE TESTIMONY OF MR. ALLAN KAM

Defendant Michelin North America, Inc. hereby moves this Court to exclude the proffered testimony of Mr. Allan Kam, on the grounds that 1) Mr. Kam's proffered testimony is irrelevant, not helpful to the jury, prejudicial, and without probative value, 2) legal conclusions offered by Mr. Kam are inadmissible, and 3) the "specialized fact" testimony proffered by Mr. Kam is must be excluded because it is based almost entirely on hearsay.  In support of this motion, Michelin shows the Court the following:

## I. INTRODUCTION AND FACTUAL BACKGROUND

This is a products liability case arising out of a single-vehicle rollover accident that occurred on December 25, 2008 in Fairburn, Georgia.  Complaint ¶¶

5-7.  Plaintiffs allege that the left rear tire, a P235/70R15 Uniroyal Laredo AWR TL ORWL tire designed[1] and manufactured by Michelin ("the subject tire"), became disabled, causing a loss of control.  Id. ¶ 7.  Plaintiffs bring strict liability and negligence claims, alleging that the subject tire was defectively designed and manufactured.  See generally id.

Plaintiffs have identified Mr. Allan Kam, an attorney formerly employed by the National Highway Traffic Safety Administration ("NHTSA"), as an expert who will provide "specialized fact testimony" regarding NHTSA regulations, rulemaking procedures, and safety-related defect investigations; duties of vehicle and equipment manufacturers to conduct recalls; interpretations of NHTSA regulations and administrative policies, and the relationship between NHTSA and the automakers.  Exh. A, Plaintiffs' Third Supplemental Expert Disclosures.  In his report, Mr. Kam opines that Federal Motor Vehicle Safety Standard ("FMVSS") 109, the federal regulation applicable to passenger car tires at the time the subject tire was designed and manufactured, is outmoded and establishes only a minimum performance level.  Exh. B, Allan Kam report at 7-9.  Mr. Kam further states that

---

[1] The subject tire was designed by Michelin Americas Research & Development Corp., now a division of Michelin North America, Inc.

compliance with FMVSS does not relieve a manufacturer of its duty to design safe, non-defective products.  Id. at 9.

Mr. Kam points out that tire manufacturers self-certify compliance with the applicable safety standards, and he implies that the staffing at NHTSA was inadequate to monitor compliance.  Id. at 11-13.  Last, he provides an extended discussion of NHTSA's rulemaking procedure, and a discussion of manufacturers' responsibility to recall defective products under the Safety Act.  He concludes that the lack of a NHTSA safety defect investigation does not mean that a vehicle is safe.  Id. at 18-24.

## II.   ARGUMENT AND CITATION OF AUTHORITY

Mr. Kam's proffered testimony is irrelevant, not based on personal knowledge, prejudicial, and without probative value, and should therefore be excluded.  Irrelevant testimony is inadmissible. Fed.R.Evid. 402.  Even relevant evidence may be excluded if its prejudicial effects substantially outweigh its probative value.  See Goulah v. Ford Motor Co., 118 F.3d 1478 (11th Cir. 1997).

This Court previously has excluded the testimony of another former NHTSA employee on NHTSA regulations and safety standards, on the ground that, because NHTA regulations prohibited the employee from testifying about matters he personally was involved in, the proffered witness's testimony "is unreliable as

expert testimony, irrelevant to the issues presented in this case and any probative value of such testimony is greatly outweighed by its prejudicial effect." Hockensmith v. Ford Motor Co., 2003 WL 25639639 (N.D.Ga.).  Mr. Kam's proffered testimony should be excluded in this case for the same reasons.

A.     Mr. Kam's Proffered Testimony is Irrelevant and Has No Probative Value.

None of Mr. Kam's proffered testimony is relevant or probative of any matter in issue.  There is no dispute as to which federal safety standard applied to the subject tire, and it is undisputed that the subject tire met the standard.  Michelin has never disputed that FMVSS 109 set minimum performance standards for passenger tires manufactured in 2000.  The evidence shows that the tire at issue in this case met far more rigorous performance criteria than those provided by FMVSS 109.  See Exh. C, Affidavit of Charles Patrick ¶¶ 6-10.  Nor does Michelin argue that compliance with FMVSS 109 relieved it of its duty to design a non-defective tire.

Mr. Kam's discussion of the Safety Act's requirements for product recalls is likewise irrelevant.  Plaintiffs have never alleged that Michelin had any duty to recall the subject tire, nor have they made claims for a failure to recall.  Similarly, NHTSA's procedures for conducting product safety defect investigations are

4

irrelevant, as no such investigation or inquiry was ever conducted regarding the subject tire.  See Exh. D, Deposition of Allan Kam at 129-38, 149.  To the extent Mr. Kam intends to offer testimony regarding recalls of tires other than the subject tire, such testimony would also be irrelevant, and inadmissible as evidence of other dissimilar acts.

Government regulations impose certain limitations on Mr. Kam's testimony, as a former NHTSA employee:

> An employee[2] shall not testify as an expert or opinion witness with regard to any matter arising out of the employee's official duties or the functions of the Department.  An employee who is asked questions that call for expert or opinion testimony shall decline to answer on the grounds that it is forbidden by this part.

49 C.F.R. § 9.9(c).   Notwithstanding the prohibition on expert or opinion testimony, the regulations provide a means for Mr. Kam to obtain permission from NHTSA to testify as to facts within his personal knowledge arising from his duties as a NHTSA employee.  49 C.F.R. § 9.15(a); see 49 C.F.R. § 9.9(b) ("If authorized to testify pursuant to these rules, an employee may testify only as to facts within that employee's personal knowledge with regard to matters arising out of his or her official duties.")(emphasis supplied).   Mr. Kam confirms that he has obtained permission to testify regarding the nature of the FMVSS's as minimum standards,

---

[2] The term "employee" includes former employees like Mr. Kam.  49 C.F.R. 9.3.

5

general statutory and regulatory requirements related to vehicular safety-related defects, generic defect investigation procedures NHTSA follows, and specific rulemaking procedures that he did not personally participate in. Kam report at 3. Such testimony is not remotely probative of any fact in issue in this case.

B.  Mr. Kam's Proffered Testimony is Highly Prejudicial.

Throughout his report, Mr. Kam makes clear his opinion that NHTSA is understaffed, politically motivated, and ineffective, and he implies that manufacturers are culpable in some way in NHTSA's purported failure to implement effective standards or monitor and enforce compliance with regulations. See id. at 6-7, 10 (referring to the "specious argument" regarding NHTSA regulations sometimes made by manufacturers in litigation), 11-13, 17 ("It is very difficult for NHTSA to issue a standard (or to amend an existing standard to adopt a more stringent requirement) to which the industry is adamantly opposed …. Moreover, throughout its history, NHTSA has been considerably (though not exclusively) dependent upon the industry for technical information."), 21-22. These implications cast manufacturers in a sinister light, and are prejudicial to Michelin.

Further, Mr. Kam provides a lengthy discussion of NHTSA's procedures for investigation of safety-related defects in tires, and NHTSA's authority to issue

6

recalls for products with safety-related defects. (Id. at 18-24). This testimony is designed to suggest to a jury that the subject tire in this case was defective and should have been investigated and potentially recalled, but that NHTSA was too understaffed and ineffective to investigate the subject tire.  Mr. Kam, meanwhile, insists that he has not evaluated the subject tire and does not intend to testify that it was defective, and he admits that he has no indication that there was or should have been any NHTSA investigation or inquiry into the subject tire.  Kam dep. at 129-38, 149-50.  Evidently Mr. Kam means to insinuate improper conduct by Michelin without any factual foundation whatsoever.  The prejudice to Michelin of allowing such testimony far outweighs its virtually non-existent probative value.

B.   Mr. Kam's Proffered Factual Testimony is Based on Hearsay.

It is clear that Mr. Kam is prohibited by law from providing expert opinion testimony related to his employment at NHTSA.  49 C.F.R. § 9.9(c).  Mr. Kam and plaintiffs both indicate that Mr. Kam will provide "specialized fact testimony" regarding the subjects he has identified, although both allude to unspecified "opinions" that Mr. Kam also may provide.  Exh. A at 5; Exh. D at 29. Fact witnesses may not rely on hearsay, but must testify to matters within their own personal knowledge.  See Fed.R.Evid. 602.  Mr. Kam relies upon numerous letters (which he did not write), pronouncements, statutes, case law, reports, and other

documents to support his testimony.  See generally Kam report, Kam dep.  Such documents are inadmissible hearsay, and Kam's reliance on these materials renders his testimony inadmissible.  Further, to the extent Mr. Kam intends to draw legal conclusions based on the statutes and regulations he cites, such testimony is also inadmissible.

     C.    <u>Mr. Kam's Testimony Providing Legal Conclusions is Inadmissible.</u>

Substantial portions of Mr. Kam's proffered testimony consist of his legal opinions and conclusions.  Such testimony is inadmissible.  See Fed.R.Evid. 704; <u>United States v. Izydore</u>, 167 F.3d 213, 218 (5th Cir. 1999)("[Rule 704] does not allow a witness to give legal conclusions.").  For this reason, Mr. Kam's proffered testimony that federal safety standards are "minimum" standards, that FMVSS does not certify vehicles as "safe," that compliance does not mean a vehicle is safe, and regarding the insufficiency or applicability of various regulations, has been previously excluded by federal courts.  <u>See Ellison v. Ford Motor Co.</u>, 650 F.Supp.2d 1298, 1300 (N.D.Ga. 2009) (applicability of various FMVSSs); <u>Raley v. Hyundai Motor Co.</u>, U.S. Dist. LEXIS 3052, *10-11 (W.D.Okla. 2010).  Any such legal conclusion testimony should be excluded in this case as well.

## III.  CONCLUSION

For all the reasons discussed above, Michelin North America, Inc. respectfully requests that this Court exclude the proffered testimony of Mr. Allan Kam in its entirety.

Respectfully submitted, this 1st day of September, 2011.

## Form Certification

Pursuant to Local Rule 7.1(D), counsel certifies that the font and point selections for this brief are approved under Local Rule 5.1B.

/s/ *Bonnie Lassiter*
Robert P. Monyak, Esq.
Georgia Bar No. 517675
Bonnie M. Lassiter, Esq.
Georgia Bar No. 438582
Benjamin Chastain, Esq.
Georgia Bar No. 396695
PETERS & MONYAK, LLP
One Atlanta Plaza, Suite 2275
950 East Paces Ferry Road N.E.
Atlanta, Georgia 30326
Telephone: (404) 607-0100
Facsimile:  (404) 607-0465
email: rmonyak@petersmonyak.com
         blassiter@petersmonyak.com
         bchastain@petersmonyak.com

Elizabeth Helm, Esq.
Georgia Bar No. 289930
Richard Hines
NELSON MULLINS RILEY &
SCARBOROUGH LLP
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
email:  Kate.Helm@nelsonmullins.com

Susan A. Cahoon, Esq.
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4528
Telephone: (404) 815-6325
Facsimile: (404) 541-3145
email: scahoon@kilpatricktownsend.com

*Attorneys for Defendants Michelin North
America, Inc. and Michelin Corporation*

10

## **CERTIFICATE OF SERVICE**

This is to certify that, on this 1st day of September, 2011, I have served the following counsel of record with a copy of Michelin North America, Inc.'s Motion to Exclude Testimony of Mr. Troy Cottles and Mr. Don Lee regarding Finite Element Analysis by email and by first-class United States Mail addressed to:

George W. Fryhofer III               Gary M. Shapiro
Leigh Martin May                     Law Offices of Gary M. Shapiro
Butler, Wooten & Fryhofer, LLP       400 Galleria Parkway, Ste. 1500-20
2719 Buford Highway                  Atlanta, Georgia 30339
Atlanta, Georgia 30324

*/s/ Bonnie Lassiter*
Bonnie M. Lassiter
Georgia Bar No. 438582
Attorney for Defendant Michelin North
America, Inc.

PETERS & MONYAK, LLP
950 East Paces Ferry Rd. N.E.
Suite 2275
Atlanta, Georgia 30326
PHONE: (404) 607-0100
FAX: (404) 607-0465