IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNY BATES and PATRICIA MIDDLETON BATES, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:09-CV-3280-AT |
| v. | : : | |
| MICHELIN NORTH AMERICA, INC., | : : | |
| Defendant. | : | |

# **ORDER**

This matter is before the Court on Defendant Michelin North America's request to seal certain Exhibits the parties used at the September 19, 2011, sanctions hearing and Plaintiffs' Motion to File Documents Under Seal regarding Plaintiffs' Notice of Filing Affidavit of Troy Cottles, Plaintiffs' Response to Defendant Michelin North America, Inc.'s Motion to Exclude Certain Opinions of Mr. Troy Cottles, and Plaintiffs' Response to Defendant Michelin North America, Inc.'s Motion for Partial Summary Judgment.  (*See* Plaintiffs' Notice of Presentation of Motion to Seal, Doc. 238.)  For the reasons set forth below, the parties' requests to seal documents in this matter are **GRANTED**.

## I. Discussion

### A. Parties' Agreed Upon Procedure for Use of Confidential Material

On April 5, 2010, the parties submitted a Stipulated Confidentiality Order to the Court for approval.  (*See* Doc. 28.)   Judge Story entered the parties' Stipulated Confidentiality Order on April 7, 2010, which has governed the parties' production and use of material designated as confidential.  (*See* Doc. 29.)  Section III(6) of the Stipulated Confidentiality Order provides that "Confidential Material may be referred to or incorporated in briefs, affidavits, or other documents filed with this Court, **provided that such documents are filed with the Clerk of Court under seal** and prominently marked 'Confidential Material Subject to Confidentiality Order.'"   (Doc. 29-1 at § III(6)) (emphasis added).  Section III(7) of the Stipulated Confidentiality Order provides that "Confidential Material may be offered into evidence, if otherwise admissible, or otherwise disclosed in this action at trial or at hearings, etc., provided that the offering party gives the Designating Party prior written notice consistent with the local rules of court, and in any event, in sufficient time so that the Designating Party has adequate opportunity to object to the proffer or otherwise to seek protection of the Confidential Material, including but not limited to <u>in camera</u> treatment of the Confidential Material." (Doc. 29-1 at § III (7).)

### B. Parties' Agreed Upon Procedure for Challenging Designation of Confidential Material

Section II(3) of the Stipulated Confidentiality Order provides that "If a party disagrees with a designation of confidentiality, the party shall notify the Designating Party in writing. If the dispute cannot be resolved by agreement, the material designated as confidential shall remain confidential unless, within thirty (30) days of service of the notice of disagreement, or such other time period as the parties may agree upon, the party objecting to the designation applies to this Court for an Order specifically overruling the confidentiality designation . . . All disagreement notices and motions seeking a ruling overturning a confidentiality designation must be filed and served no later than ninety (90) days before trial." (Doc. 29-1 at § II(3).)

### C. Proceedings Subsequent to Entry of Stipulated Confidentiality Order

In accordance with the terms of the Stipulated Confidentiality Order, the parties have been filing (or requesting the court to file) documents designated as "Confidential" under seal. On September 7 and October 21, 2011, this Court entered Orders on Plaintiffs' previous requests to seal documents and advised the parties of the Court's standard procedure for filing confidential information. (*See* Docs. 214, 248.) In an effort to promote the public availability of court

documents, this Court ordered the parties to file redacted versions of their motions and exhibits rather than sealing entire documents.

On September 19, 2011, the Court held a hearing on Plaintiffs' Motion for Sanctions during which the parties tendered several Exhibits referencing or containing "Confidential Material." In its September 7th Order, the Court stated that "Use of any documents or portion of a deposition filed under seal pursuant to this Order at the September 19, 2011, will result in an unsealing of the document and/or deposition." (Doc. 214.) In accordance with the requirements of the Stipulated Confidentiality Order, Plaintiffs notified Michelin on September 14, 2011, of their intention to introduce documents designated as "Confidential" at the hearing before the Court. Prior to the start of the hearing, Michelin requested that documents containing its confidential trade secrets not be unsealed. At the conclusion of the hearing, the Court sealed all the Exhibits the parties tendered and directed the parties to confer and notify the Court which documents could be unsealed. (*See* Tr. 9/19/2011 Hr'g, Doc. 230 at 267-70.) On September 30, 2011, Michelin notified the Court regarding (1) Plaintiffs' position that all of the documents used at the hearing should be unsealed and (2) Michelin's position regarding which documents should remain sealed.

### D. Court's Ruling on Parties' Pending Requests to Seal Documents and Standing Procedure for Future Requests to Seal Documents

Plaintiffs have not formally challenged Michelin's confidentiality designations as to any of the documents at issue as expressly contemplated by the parties' Stipulated Confidentiality Order. Therefore, the documents are subject to the terms of the parties' Stipulated Confidentiality Order as previously agreed upon and approved by the Court. Until such time as the Court is presented with a motion objecting to Michelin's confidentiality designations, all documents previously marked "Confidential" pursuant to the Stipulated Confidentiality Order will remain sealed.

#### 1. Sanctions Hearing Exhibits

As indicated during the September 19th sanctions hearing, it was not the Court's intention to unseal documents previously designated as containing confidential trade secrets, subject to the parties' Stipulated Confidentiality Order, merely because of their use at the sanctions hearing. (*See* Tr. 9/19/2011 Hr'g, Doc. 230 at 8-9.) Accordingly, the following Exhibits tendered at the September 19th hearing and previously designated by Michelin as containing "Confidential Material" shall remain under seal: Plaintiffs' Exhibits K, N, O, P, R, S, T, U, V, W, X, and Defendant's Exhibits 3, 4, and 6. In addition, the following Exhibits tendered at the September 19th hearing shall be unsealed: Plaintiffs' Exhibits A-J, L, M, Q, Y, Z, AA, AB, and Defendant's Exhibits 1, 2, and 5. However, Michelin

is **DIRECTED** to file redacted copies of the depositions of Mr. Patrick (Plaintiffs' Exhibit O) and Mr. Glazener (Plaintiffs' Exhibit P) on CM/ECF consistent with its representation to the Court in its September 30, 2011 Letter.

### 2. Requests to File Documents Under Seal

This Court's standard procedure for sealing documents conflicts with the parties' agreed method for the use of Confidential Material as set forth in the Stipulated Confidentiality Order that Judge Story approved. Therefore, in order to eliminate any further confusion or burden on the parties, the Court will revert to the practices and procedures governing Confidential Material set forth in the parties' Stipulated Confidentiality Order.[1] Accordingly, Plaintiffs' Notice of Filing Affidavit of Troy Cottles, Plaintiffs' Response to Defendant Michelin North America, Inc.'s Motion to Exclude Certain Opinions of Mr. Troy Cottles, and Plaintiffs' Response to Defendant Michelin North America, Inc.'s Motion for Partial Summary Judgment shall be filed under seal.

For the remainder of this litigation, the parties shall follow the Stipulated Confidentiality Order when submitting Confidential Material to the Court for use

---

[1] The Court's ruling is not an indication, as Plaintiffs suggest in their November 8, 2011, letter, that the Court does not have the "authority to determine what the Court will and will not place on CM/ECF." The purpose of the Court's ruling is to return to the parties' agreed upon practices and procedures governing the use of confidential material as previously approved by the Court, rather than have the parties go around and around regarding which portions of the briefs and exhibits should be redacted for purposes of filing on the CM/ECF. In the interest of sanity and judicial economy, the Court will allow the entire documents to be filed under seal in accordance with the terms of the Stipulated Confidentiality Order unless or until Plaintiffs properly demonstrate that the documents are not confidential and thus not entitled to protection from public disclosure.

during further proceedings. If Plaintiffs wish to challenge Michelin's designation of certain Confidential Material, Plaintiffs shall follow the procedure set forth in Section II(3) of the Stipulated Confidentiality Order. The Court will consider such a motion, if presented, in due course.

### III. Conclusion

For the reasons set forth above, Defendant Michelin North America's request to seal certain Exhibits from the September 19, 2011, sanctions hearing and Plaintiffs' Motion to File Documents Under Seal are **GRANTED**.

It is so ORDERED this 14th day of November, 2011.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**