IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNY BATES and <br> PATRICIA MIDDLETON BATES, <br><br> Plaintiffs, <br><br> v. <br><br> MICHELIN NORTH AMERICA, INC., <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION FILE <br><br> NO. 1-09-CV-03280-AT |

**PLAINTIFFS' MOTION TO DISMISS
COUNT ONE (NEGLIGENCE)**

Pursuant to Federal Rule 15(a)(2), Plaintiffs hereby move to dismiss their negligence claim (contained in Count One of the Complaint) *without* prejudice. *See Peacock v. Bank of America Corp.*, No. 7:10-CV-00011 HL, 2011 WL 976409, at *1 (M.D. Ga. Mar. 15, 2011) (holding that Rule 15(a) should be used when a party "want[s] to dismiss particular claims within a multi-claim action"). Rule 15(a)(2) provides that the "court should freely give leave when justice so requires."

Plaintiffs seek dismissal of the negligence claim to simplify and streamline the trial and prevent Michelin from attempting to evade the effect of the Court's

preclusion order. A negligence claim and a strict liability claim are merely alternative avenues to establish liability for compensatory damages under the facts of this case. The preclusion order entered by the Court has established the liability element of the case on the strict liability claim, leaving only proof of causation and damages to be tried. That renders the negligence claim unnecessary. In addition, in its filing of February 22, 2012, Michelin contended that some proof that would be barred under the preclusion order could still be allowed if the negligence claim remained in the case. Specifically, Michelin contended "proof of Michelin's diligence in the design and manufacture of the subject tire" may be admissible as a result of Plaintiffs' negligence claim (Michelin's Reply Brief in Support of Its February 17, 2012 Submission at 5, ECF No. 282), though Plaintiffs disagree with that assertion. Michelin also assumed Plaintiffs would likely dismiss the negligence claim in light of the Court's preclusion order. Therefore, to preserve the effect of the preclusive sanction, ensure that evidence undercutting the preclusion order remains indisputably inadmissible, and streamline the case to remove claims that are now unnecessary, Plaintiffs hereby seek dismissal of the negligence claim.

Plaintiffs request that the dismissal be granted without prejudice so as to avoid any collateral estoppel or res judicata effect on Plaintiffs' remaining claims for trial.

For the Court's convenience, Plaintiffs have attached a proposed order as Exhibit A.

### CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

Respectfully submitted, this 28th day of February, 2012.

                                            s/ Leigh Martin May
                                            JAMES E. BUTLER, JR.
                                              Georgia Bar No. 099625
                                            GEORGE W. FRYHOFER III
                                              Georgia Bar No. 279110
                                            LEIGH MARTIN MAY
                                              Georgia Bar No. 473389
                                            J.E. BUTLER III
                                              Georgia Bar No. 116955
                                            Attorneys for Plaintiffs
                                            Butler, Wooten & Fryhofer, LLP
                                            2719 Buford Highway
                                            Atlanta, Georgia 30324
                                            (404) 321-1700
                                            E-mail: jim@butlerwooten.com

        E-mail: george@butlerwooten.com
        E-mail: leigh@butlerwooten.com
        E-mail:  jeb@butlerwooten.com


        s/  Gary M. Shapiro
        GARY M. SHAPIRO
         Georgia Bar No. 637794
        Attorney for Plaintiffs
        Law Offices of Gary M. Shapiro
        400 Galleria Parkway, Suite 1500-20
        Atlanta, Georgia 30339
        (770) 817-1444
        E-mail: shapirolaw@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2012, I electronically filed **Plaintiffs' Motion to Dismiss Count One (Negligence)** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert P. Monyak, Esq.
Bonnie M. Lassiter, Esq.
Peters & Monyak, LLP
One Atlanta Plaza, Suite 2275
950 East Paces Ferry Road NE
Atlanta, GA 30326

Susan A. Cahoon, Esq.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309

Richard K. Hines, V, Esq.
Elizabeth C. Helm, Esq.
Nelson Mullins
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, GA 30363

Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
E-mail: jim@butlerwooten.com
E-mail: george@butlerwooten.com
E-mail: leigh@butlerwooten.com
E-mail: jeb@butlerwooten.com

s/ Leigh Martin May
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
GEORGE W. FRYHOFER III
  Georgia Bar No. 279110
LEIGH MARTIN MAY
  Georgia Bar No. 473389
J.E. BUTLER III
  Georgia Bar No. 116955

5